## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT CALKINS

    Plaintiff,

Case No.:
Hon.

v.

ANTHONY DEMOREST

    Defendant.

---

GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
MILICA FILIPOVIC (P80189)
***Fieger, Fieger, Kenney & Harrington, P.C.***
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, Michigan  48075
T: (248) 355-5555/ F: (248) 355-5148
m.filipovic@fiegerlaw.com

---

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the Complaint has been previously filed in the United States District Court for the Western District of Michigan-Southern Division where it was given docket number 1:21-cv-809 and was assigned to the Honorable Hala Jarbou.  This case is no longer pending.

**NOW COMES** Plaintiff, ROBERT CALKINS, by and through his attorneys, *FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.*, and for his Complaint against the above-named Defendant, states as follows:

## VENUE AND JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983.

2. This action seeks relief for violations of Robert Calkins' rights secured and guaranteed by Title 42, Section 1983 of the United States Code, ("U.S.C.") the Eighth Amendment, applicable to the State through the Fourteenth Amendment of the United States Constitution, the laws of the United States and the laws of the state of Michigan.

3. The matter in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and (e)(1) as a substantial part of the events or omissions giving rise to the claim occurred in the County of Ionia, State of Michigan, which is located within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

## PARTIES

5. At all times relevant, Robert Calkins was and is a citizen of the United States of America residing in the State of Michigan within the Western District of

Michigan and entitled to the protections of the Constitutions and laws of the United States of America and the State of Michigan.

6. At all times relevant, Plaintiff Robert Calkins was and is an inmate under the care and custody of Bellamy Creek Correctional Facility, located in the City of Ionia, County of Ionia, State of Michigan.

7. At all times relevant, Defendant Correctional Officer Anthony Demorest (hereinafter "Officer Demorest") was and is a Bellamy Creek Correctional Facility employee working at the Bellamy Creek Correctional Facility and employed through the Michigan Department of Corrections acting within the course and scope of his employment with the Bellamy Creek Correctional Facility.

8. At all times relevant, Defendant Officer Demorest was acting within the course and scope of his employment with the Bellamy Creek Correctional Facility, and under the color of law, and was directly responsible for Robert Calkins' safety, custody, supervision, control, and care at the Bellamy Creek Correctional Facility and is being sued in his individual capacity.

9. At all times relevant, Defendant Officer Demorest was under non-delegable duties to refrain from using excessive and/or sadistic and malicious force on those incarcerated at the Bellamy Creek Correctional Facility, and to ensure that prisoners at the Bellamy Creek Correctional Facility were not subjected to excessive and/or sadistic and malicious force in violation of their constitutional rights.

## **GENERAL ALLEGATIONS**

10. Plaintiff hereby restates and reincorporates each and every allegation as if fully stated herein.

11. Upon all information and belief, the claims asserted herein arise from an incident occurring on or about January 12, 2020.

12. At all times relevant, Robert Calkins was incarcerated in the Bellamy Creek Correctional Facility, and under the custody and control of Defendant Officer Demorest when he was assaulted.

13. Defendant Officer Demorest willfully picked Robert Calkins up and threw him over his shoulder in a "street fighter" move resulting in Mr. Calkins' face and head slamming directly into the tiled flooring, fracturing his skull and resulting in internal bleeding.

14. At the time that Defendant Officer Demorest threw Plaintiff Robert Calkins over his shoulder and into the ground, Plaintiff was not a threat to himself, Officer Demorest, or other inmates.

15. The claims asserted herein arise from acts and failure to adhere to policies, procedures and customs in place and/or implemented at the Bellamy Creek Correctional Facility by Defendant Officer Demorest while Plaintiff Robert Calkins was in the custody of the Bellamy Creek Correctional Facility and during his detention at the Bellamy Creek Correctional Facility on or about January 12, 2020.

16. At all times relevant hereto, Defendant Officer Demorest was acting under the color of law, violated the known and clearly established constitutional rights of Plaintiff Robert Calkins to be free from the sadistic and malicious use of excessive force.

17. Defendant Officer Demorest, while employed as a correctional officer for the Bellamy Creek Correctional Facility, did in fact participate in sadistic, malicious and excessive uses of force under the circumstances, and acted willfully, wantonly, maliciously and with deliberate indifference to and callous disregard for Robert Calkins' constitutional rights, and in a manner that shocks the conscience and offends traditional notions of decency, all of which led to his injuries as alleged and described herein.

## FACTUAL ALLEGATIONS

18. Plaintiff hereby restates and reincorporates each and every allegation as if set forth herein.

19. The subject incident occurred on January 12, 2020 at the Bellamy Creek Correctional Facility, within the kitchen and inmate cafeteria.

20. On January 12, 2020, Inmate Ryan Smith (hereinafter "Inmate Smith") threw Plaintiff's milk on the floor and began verbally accosting Mr. Calkins. A verbal argument ensued between Inmate Smith and Plaintiff Calkins.

21. The verbal argument between Inmate Smith and Plaintiff, escalated when Inmate Smith attempted to strike the Plaintiff.

22. At all times relevant hereto, Plaintiff Calkins did not physically engage Inmate Smith, or in any manner respond to Inmate Smith's physical attack and walked away from the physical altercation. Inmate Smith and Plaintiff Calkins were physically separated by kitchen and/or cafeteria equipment and multiple officers were present, and Plaintiff Calkins seemingly disengaged from the conflict by walking away.

23. At all times relevant, Correctional Officer Serena Post (hereinafter "Officer Post") immediately restrained Inmate Smith with a single hand, to keep him from pursuing Plaintiff Calkins, as he had walked away.

24. At all times relevant hereto, Defendant Officer Demorest grabbed Plaintiff Calkins in a reverse bear-hug, assuming a position behind Plaintiff, pinning Plaintiff's arms to his sides.

25. At all times relevant hereto, Defendant Officer Demorest assumed positive control over Plaintiff Calkins, such that any further force was unnecessary to ensure his own safety, the safety of Plaintiff Calkins, and the safety of the other inmates through this bear-hug technique.

26. At all times relevant hereto, Plaintiff did not attempt to break free from Defendant Officer Demorest and was completely under Defendant's physical control and custody and was completely submissive.

27. At all times relevant hereto Defendant Officer Demorest willfully and sadistically lifted Plaintiff into the air throwing him over his shoulder and slammed Plaintiff's head and face directly into the tile flooring.

28. At all times relevant hereto, Plaintiff's hands and arms were secured to his sides with no means to defend himself from Defendant Officer Demorest's body slam, and no possible way to brace for impact or otherwise protect his head and face from making contact with the hard tile flooring when he was thrown over Defendant Officer Demorest's shoulder.

29. At all times relevant hereto, this street fighter bear hug slam, on an inmate who posed no threat to himself, others, and/or Defendant Demorest was sadistic and malicious for the sole purpose of harming the Plaintiff.

30. At all times relevant hereto, Defendant Officer Demorest had physical control of Plaintiff Calkins and Officer Post had physical control of Inmate Smith. There was no ongoing threat.

31. Defendant Demorest willfully and sadistically caused significant harm to the Plaintiff when he slammed his head and face into the tile flooring of the kitchen and/or cafeteria of the Bellamy Creek Correctional Facility.

32. At all times relevant hereto, Plaintiff Calkins immediately lost consciousness, lying on the floor motionless.

33. Defendant Officer Demorest needlessly escalated an already defused situation, delivering a sadistic and malicious blow to Plaintiff Calkins' head and face.

34. Upon information and belief, Defendant Officer Demorest never issued verbal warnings or attempted to otherwise restrain Plaintiff Calkins. Defendant Officer Demorest never attempted any de-escalation techniques. Defendant Officer Demorest maliciously and sadistically caused harm to Plaintiff by driving his head directly into the tile flooring.

35. The body slam technique used by Defendant Officer Demorest was excessive, malicious, sadistic and severe. The body slam technique was not necessary for any penal purposes and resulted in serious and permanent injuries including but not limited to a traumatic brain injury and fractured skull.

36. Plaintiff Calkins was emergently transported to the hospital where he remained for two days.

37. Upon information and belief, his discharge from the hospital, Plaintiff Calkins was brought back to the correctional facility and issued a citation which included an assault on Defendant Demorest. He was held in a segregated area of the prison for more than five days.

38. Upon information and belief, Plaintiff Calkins expressed his concerns over Defendant Demorest's conduct to the Warden and other superior officers, and his claims were ignored.

39. Despite entering a plea of not guilty and contrary to the evidence and Plaintiff Calkins complaints to the Warden that

40. Plaintiff Calkins was lying motionless on the floor from the sadistic and malicious force applied by Defendant Officer Demorest. Plaintiff Calkins was rushed to the hospital and received several diagnoses including, but not limited to:

    a. Fracture of the base of the skull;

    b. Traumatic subcutaneous emphysema;

    c. Diffuse traumatic brain injury with loss of consciousness;

    d. Fracture of the vault of the skull;

    e. Fracture of nasal bones;

    f. Displaced fracture of triquetrum bone (right wrist);

    g. Zygomatic fracture (left side);

    h. Fracture of lateral orbital wall (left side);

    i. Conjunctival hemorrhage (unspecific eye); and

    j. Traumatic subdural hemorrhage with loss of consciousness.

41. On September 12, 2022, Plaintiff Calkins was Paroled from the Bellamy Creek Correctional Facility, and is no longer a prisoner of the Bellamy Creek Correctional Facility.

## COUNT I
## EXCESSIVE FORCE – 42 U.S.C. § 1983—EXCESSIVE FORCE DEFENDANT ANTHONY DEMOREST

42. Plaintiff hereby restates and reincorporates each and every allegation as if set forth herein.

43. At the time and place referenced above herein, the Correctional Officer Defendant Demorest applied excessive force, when he seized Plaintiff Calkins and maliciously and sadistically slammed a defenseless prisoner's skull into the hard tile floor, ultimately causing four (4) skull fractures, a wrist fracture, hemorrhaging, loss of consciousness, traumatic brain injury, and other injuries that can only be caused by a malicious and sadistic act of excessive force.

44. At all times relevant hereto, Plaintiff's most egregious infraction was a verbal interaction with Inmate Smith and splashing juice on him.

45. At all times relevant hereto, Inmate Smith taunted Plaintiff and attempted to strike Plaintiff, who walked away de-escalating the situation.

46. At all times relevant hereto, Plaintiff never posed a threat to other inmates or any officers when the events transpired.

47. At all times relevant hereto, Defendant Officer Demorest had positive physical control over Plaintiff Calkins, and Officer Post had positive control over Inmate Smith. In addition, Inmate Smith and Plaintiff Calkins were physically separated by cafeteria/kitchen equipment when Plaintiff Calkins began walking away from the altercation.

48. For no discernable reason, Defendant Officer Demorest body slammed Plaintiff's face and skull into the hard tile floor, immediately knocking him completely unconscious.

49. The force employed by Defendant Officer Demorest in securing Plaintiff, then body slamming his face into tile flooring, constituted conduct under the color of law which deprived Robert Calkins of his clearly established and known right to be free from cruel and unusual punishment proscribed by the Eighth Amendment.

50. As a direct and proximate result of Defendant's violations of Robert Calkins' constitutional rights, Plaintiff, Robert Calkins suffered damages including, but not limited to:

    a. a traumatic brain injury with hemorrhaging;

    b. fractured vault of the skull;

    c. fractured nasal bones;

    d. fractured lateral orbital wall;

      e.      Conjunctival hemorrhage;

      f.      Loss of consciousness;

      g.      Physical pain and suffering;

      h.      Zygomatic fracture;

      i.      Extreme physical, mental and emotional pain and suffering;

      j.      Pecuniary loss, including medical expenses past and future, future wage loss and/ or future loss of earning capacity;

      k.      Punitive damages;

      l.      All damages allowable under 42 U.S.C. § 1988 for attorney fees and costs.

**WHEREFORE,** Plaintiff, ROBERT CALKINS, demands judgment against Defendant, ANTHONY DEMOREST, in an amount deemed fair and just and in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees.

                                      Respectfully Submitted,

                                      /s/ *Milica Filipovic*
                                      Geoffrey N. Fieger (P30441)
                                      Milica Filipovic (P80189)
                                      Fieger, Fieger, Kenney & Harrington, P.C.
                                      Attorney for Plaintiff
                                      19390 W. Ten Mile Rd.
                                      Southfield, MI 48075
                                      (248) 355-5555
Dated: January 12, 2023              m.filipovic@fiegerlaw.com

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT CALKINS

    Plaintiff,

v.

ANTHONY DEMOREST

    Defendant.

Case No.:

Hon.

_____/

## **JURY TRIAL DEMANDED**

Plaintiff, ROBERT CALKINS, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., hereby requests trial by jury in this matter.

Respectfully Submitted,

/s/ *Milica Filipovic*
Geoffrey N. Fieger (P30441)
Milica Filipovic (P80189)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorney for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555

Dated: January 12, 2023    m.filipovic@fiegerlaw.com