UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CALKINS,

    Plaintiff,                                       Hon. Phillip J. Green

v.                                                      Case No. 1:23-cv-54

ANTHONY DEMOREST,

    Defendant.
_____/

## OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 95). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Hala Y. Jarbou referred this case to the undersigned. For the reasons discussed herein, Defendant's motion will be granted and this action terminated.

## BACKGROUND

In his complaint, Plaintiff alleges the following.[1] (ECF No. 1). On January 12, 2020, while incarcerated at the Bellamy Creek Correctional Facility (IBC) in Ionia,

---

[1] Plaintiff filed a previous case regarding the same January 12, 2020 incident in which the Court dismissed the action without prejudice per the parties' stipulation. *See Calkins v Demorest*, 1:21-cv-00809 (ECF No. 23, PageID.91-93).

Michigan,[2] inmate Ryan Smith "threw Plaintiff's milk on the floor," and "[a] verbal argument ensued" between Plaintiff and Smith. (ECF No. 1, PageID.5). Smith "attempted to strike" Plaintiff, but they were "physically separated by kitchen . . . equipment." (ECF No. 1, PageID.6). Plaintiff "did not physically engage" or "in any manner respond" to the other inmate's attack and "walked away from the physical altercation." (*Id*.). At that point, non-party Officer Serena Post[3] physically restrained Smith "to keep him from pursuing Plaintiff." Defendant then "grabbed Plaintiff . . . in a reverse bear hug, assuming a position behind Plaintiff, pinning Plaintiff's arms to his sides." (*Id*.). Plaintiff "did not attempt to break free from Defendant," "was completely under Defendant's physical control and custody," "and was completely submissive." (ECF No. 1, PageID.7). Defendant "lifted Plaintiff into the air[,] throwing him over his shoulder[,] and slammed Plaintiff's head and face directly into the tile flooring." (*Id*.). Plaintiff "immediately lost consciousness" and was "transported to the hospital where he remained for two days." (ECF No. 1, PageID.8). Upon discharge from the hospital, Plaintiff returned to IBC, was issued a citation for "an assault on Defendant," and held in segregation "for more than five days." (*Id*.). Plaintiff pleaded not guilty to the citation. (ECF No. 1, PageID.9).

---

[2] On September 12, 2022, Plaintiff "was [p]aroled from Bellamy Creek Correctional Facility." (ECF No. 1, PageID.10). Plaintiff was discharged from prison on August 15, 2025. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=411886 (last viewed Jan. 28, 2026).

[3] Officer Post is also referred to as Officer Serena Jones in the record. (ECF No. 96-4, PageID.723).

Plaintiff asserts that Defendant used excessive force against him in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Defendant now moves for summary judgment. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. MICH. LCIVR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some

metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence," establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the

evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. CONST. amend. VIII. The excessive use of force that results in the unnecessary and wanton infliction of pain violates this provision. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Claims alleging the excessive use of force have both a subjective and an objective component. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was "sufficiently serious" to implicate the Eighth Amendment. *Ibid.* To be "sufficiently serious," the prison official's act or omission must deny the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). While the Eighth Amendment does not prohibit every *de minimis* use of physical force, where "prison officials maliciously and sadistically use force to cause harm," contemporary standards of decency "always are violated" regardless of whether the force applied was *de minimis* or resulted in injury. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence

or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Ibid.* As the Supreme Court recently observed:

> "When prison officials maliciously and sadistically use force to cause harm, . . . contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury."
>
> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson,* not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of "a push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

*Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010) (citations omitted).

In support of his motion for summary judgment, Defendant has submitted affidavits regarding the events in question. (ECF No. 96-2, PageID.663-87; ECF No. 96-4, PageID.721-35). In these affidavits, the following is asserted.

Defendant asserts that Plaintiff "almost runs into him" after throwing juice at Smith. (ECF No. 96-2, PageID.678). Defendant then placed his left arm on Plaintiff's left arm and his right arm around Plaintiff's waist. (ECF No. 96-2, PageID.677). Plaintiff "turned his head left back to Prisoner Smith" and "yell[ed] obscenities" at him. (ECF No. 96-2, PageID.682). While Defendant attempted to "move [Plaintiff] farther away from the situation" (ECF No. 96-2, PageID.682), because he thought Plaintiff "was going to go back to prisoner Smith" (ECF No. 96-2, PageID.683), Defendant "slipped in the food that was scattered on the tile" (ECF No. 96-2, PageID.679). Both Defendant and Plaintiff "went to the ground, and then [Plaintiff] was restrained." (ECF No. 96-2, PageID.679).

Officer Post asserts that Plaintiff "pull[ed] away from" Defendant after Defendant told him to "cuff up," i.e., to "turn around and put cuffs on [his] hands." (ECF No. 96-4, PageID.726). Defendant slipped while "try[ing] to get [Plaintiff] away from the other inmate," and Plaintiff and Defendant "both ended up falling." (*Id.*).

Defendants have also submitted a video recording of the incident in question. (ECF No. 96-3, Exhibit B). The video is consistent with Defendant's affidavits. It reveals the following. Plaintiff approached a line of food carts that Smith was standing

-7-

behind in a hairnet and tan uniform.  Smith tossed Plaintiff a milk carton from behind a cart, and Plaintiff placed it back on the cart.  Smith then grabbed the carton and threw it past Plaintiff on the floor.  Another inmate kitchen worker passed Plaintiff's food tray to him over the cart.  Smith handed Plaintiff a cup, and Plaintiff walked around the food cart, throwing red liquid from the cup in Smith's face.  Smith lunged at Plaintiff, who backed into Defendant to avoid Smith's punch.  As Plaintiff attempted to step forward, Defendant, then positioned between Smith and Plaintiff, placed his left hand on Plaintiff's chest from behind.  Plaintiff dropped his food tray, splattering food on the tiled floor.  Defendant wrapped his right arm around Plaintiff's waist and his left arm over Plaintiff's left arm as Plaintiff tried to step and rotate to face Smith.  Defendant continued to hold on to Plaintiff's waist as he turned, and Defendant was swung around so that he was no longer positioned between Smith and Plaintiff.  As Defendant turned backwards away from Smith again while holding Plaintiff, Defendant's left leg slipped on the food debris on the tile floor, causing Defendant to fall backward and swing Plaintiff over Defendant's shoulder as they fell.

In response to Defendant's motion, Plaintiff provides evidence in the form of his affidavit that he had turned to walk away from Smith when "somebody grabbed [Plaintiff] from behind" and "piled [him] into the ground."  (ECF No. 100-2, PageID.843).

As is well recognized, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it,

-8-

a court should not adopt that version of facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Rather, the Court should "view[] the facts in the light depicted by the videotape." *Id.* at 380-81; *see also*, *Whittaker v. Leonard*, No. 1:23-cv-284, 2025 WL 2924594 at *2 (W.D. Mich., Aug. 14, 2025) (same).

As noted above, Plaintiff must present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack*, 434 F.3d at 813-14. Other than assertions, which are refuted by video evidence, Plaintiff has failed to present evidence creating a genuine issue for trial. Thus, Defendant has satisfied his burden to demonstrate the absence of genuine factual dispute. Accordingly, Defendant is entitled to summary judgment on Plaintiff's use of excessive force claim.

## CONCLUSION

For the reasons articulated herein, Defendant's Motion for Summary Judgment (ECF No. 95) is hereby granted and this action terminated. For the same reasons the undersigned grants Defendant's motion, the undersigned finds that an appeal of this matter by Plaintiff would not be in good faith. An Order consistent with this Opinion will enter.

Date: February 11, 2026                /s/ Phillip J. Green
                                                             PHILLIP J. GREEN
                                           United States Magistrate Judge